IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROBERT ANDREW TERRY, #132796                             PLAINTIFF

VERSUS                      CIVIL ACTION NO. 3:08cv710-TSL-JCS

BILLY SLAUGHTER, Correctional Supervisor             DEFENDANT

## OPINION and ORDER

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. The plaintiff, an inmate at the Delta Correctional Facility, Greenwood, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendant is Billy Slaughter, Correctional Supervisor at the Central Mississippi Correctional Facility, Pearl, Mississippi. The plaintiff is requesting that the Rules Violation Reports which are the basis of this civil action be expunged from his prison record and that he be awarded monetary damages.

## Background

The plaintiff complains that two false Rules Violation Reports (RVR) were written charging him with assaulting "any person" (RVR #861862) on March 31, 2008, and unauthorized possession, introduction, or contraband – cell phone charger (RVR #358845) on April 6, 2008.[1] The plaintiff argues that on April 9, 2008, defendant Slaughter conducted an "unlawfully

---

[1] In his complaint [1], the plaintiff states that these false reports were written in retaliation by Officer Palmer and Captain Cannon. Office Palmer and Captain Cannon are not named defendants in the instant civil action even though the plaintiff was given an opportunity to add defendants to this civil action. In his response [12], the plaintiff clearly states that the only named defendant is Billy Slaughter.

[disciplinary] hearing" because there was no medical report or evidence of a cell phone charger presented to support the charges. The plaintiff states that he was found guilty based on the officers' statements. The plaintiff contends that defendant Slaughter violated Mississippi Department of Corrections policy and a state statute, Mississippi Code Annotated § 47-5-99 (1972), concerning the disciplinary hearing. As a result of being found guilty, the plaintiff states in his response [8] that his privileges were restricted for 30 days and according to his response [12] filed July 24, 2009, "he has received classification points which [are] affecting his custody and housing levels." According to the response [12] filed July 24, 2009, the RVRs which are the subject of the instant civil action have not been invalidated or expunged.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action is frivolous because it seeks to assert

a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. Id. @ 478. The United States Court of Appeals for the Fifth Circuit has found that privileges being revoked for 30 days do not implicate due process concerns and "do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."[2] Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997); see also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

---

[2] The plaintiff's claim that as a result of a conspiracy by "prison staff" he was found guilty of the RVRs and had his privileges restricted, without more, does not state an arguable claim in the instant civil action. See Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990)("'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' constitute grounds for § 1983 relief."). Moreover, as discussed above, the plaintiff does not have a constitutional right at stake in the instant civil action.

Moreover, the plaintiff does not have a constitutionally protected right in a certain custody classification or being housed in a particular facility. See Meacham v. Fano, 427 U.S. 215 (1976); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(a prison inmate does not have a protectable liberty interest in his custodial classification); McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990)(citations omitted)(classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."); Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984)(The United States Court of Appeals for the Fifth Circuit has held that the Mississippi state classification statues, Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), do not create an expectation of any particular classification.).

As for the plaintiff's claims that the MDOC policy and procedure and Mississippi Code Annotated § 47-5-99 (1972) were violated when he was found guilty of this RVR, this court finds that these claims do not rise to a level of constitutional deprivation. "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). The standard of

4

review relating to evidence relied on in a disciplinary proceeding "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). According to the plaintiff and the attached RVRs, he was found guilty based on the reports by the staff. Therefore, there were "some facts" to base the findings of guilty at the disciplinary hearing. See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986)(citations omitted).

Finally, the state statute, Mississippi Code Annotated § 47-5-99 (1972), relied on by the plaintiff does not provide him with a right of due process. This state statute refers to the creation of classification and disciplinary hearing officers of the correctional system.

## Conclusion

As stated above, the plaintiff's allegations do not implicate due process concerns. Therefore, the instant civil action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and will count as a strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion and order will be entered.

THIS the __31st__ day of July, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE